[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2009
THOMAS K. KAHN
CLERK

No. 08-14928
Non-Argument Calendar

_____

D.C. Docket No. 06-00225-CR-KOB-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE DALE YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 20, 2009)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Freddie Young appeals his 78-month sentence imposed upon resentencing

for (1) conspiracy to manufacture a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; (2) manufacturing a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and (3) possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3).

On appeal, Young first argues that the district court erred in its finding that he was responsible for at least ten grams of methamphetamine. Young contends that the drug quantity finding was based on Investigator Brian Chaffin's testimony, which was hearsay, speculation, and inconsistent. Young argues that because he was cooking methamphetamine for his own use, he could not have been cooking methamphetamine as often as the district court found.

The district court's determination of drug quantity is a finding of fact that we review for clear error. United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005). Where a defendant is responsible for more than 10 but less than 20 grams of methamphetamine, a base offense level of 18 is appropriate. U.S.S.G. § 2D1.1(a)(3)(c)(11) (2006).

"When a defendant objects to a factual finding that is used in calculating his guideline sentence, such as drug amount, the government bears the burden of

establishing the disputed fact by a preponderance of the evidence." Rodriguez, 398

F.3d at 1296.

> Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. Moreover, in estimating the quantity of drugs attributable to a defendant, a court may base its computation on evidence showing the average frequency and amount of a defendant's drug sales over a given period of time. Thus, sentencing may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant.

Id. (internal citations and quotations omitted).

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error. The district court did not clearly err in holding Young responsible for at least ten grams of methamphetamine. Chaffin testified that Young stated that he would produce approximately three to four grams of methamphetamine per cooking session. Chaffin stated that during the two weeks preceding Young's arrest, he received daily complaints that Young was making methamphetamine. Moreover, Chaffin had been receiving complaints about Young making methamphetamine for months prior to his arrest.

Though complaints alone are inadequate in reliably estimating drug quantity, Young's statement that he would produce approximately three to four grams of methamphetamine per session makes it more likely than not that he produced at least ten grams within the two weeks preceding his arrest. It is also worth noting

3

that there was extensive circumstantial evidence of repeat methamphetamine production, including bi-phase methamphetamine oil, a hot plate, iodine crystals, match books, "HEET," hydrogen peroxide, and acetone on Young's premises. Therefore, the district court did not clearly err in determining that Young was responsible for at least 10 grams of methamphetamine.

Young next argues that the district court did not have a factual basis on which to enhance his sentence pursuant to U.S.S.G. § 2D1.1(b)(8)(C) for his mobile home methamphetamine laboratory creating a substantial risk of harm to the life of a minor. Young concedes that methamphetamine laboratories are inherently dangerous, but contends that the government failed to prove that he ran his laboratory in a way that created a specific substantial risk of harm to the life of a minor.

We review a district court's factual findings for clear error and its interpretation of the guidelines de novo. United States v. Taber, 497 F.3d 1177, 1179 (11th Cir. 2007), cert. denied, 128 S.Ct. 949 (2008). The Sentencing Guidelines provide that "[i]f the offense (i) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to the life of a minor or an incompetent, [the offense level should] increase by 6 levels. If the resulting offense level is less than level 30, increase to level 30."

U.S.S.G. § 2D1.1(b)(8)(C) (2006).

The district court did not clearly err in finding that Young's actions placed a minor at risk. A hazardous materials team was needed to clean up the property because the materials constituted hazardous waste. Moreover, Young had two children living in his mobile home, one of whom told Chaffin that he had to leave the house because the smell was so bad. Finally, Chaffin estimated that between six and eight children lived within 100 yards of Young's mobile home. The district court's factual findings were not clearly erroneous, and it properly applied the enhancement. In addition, because the district court stated that the sentencing guidelines were advisory, any argument predicated upon improperly used judge-found facts to enhance Young's sentence fails.

Finally, Young argues that the harm to a minor enhancement resulted in an unreasonable sentence because he had no prior criminal history. He questions how it can be reasonable that he received a higher offense level increase under the enhancement than a criminal recidivist defendant. He suggests that the Sentencing Commission might be in a good position to set blanket policies regarding offenders, but courts are in a better position "to fine tune" a reasonable sentence for particular defendants.

We review the sentence imposed by the district court for reasonableness.

5

United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Because Young's offense involved the manufacture of methamphetamine and created a substantial risk of harm to the life of a minor, his offense level would normally be increased by 6 levels, but because the resulting offense level was less than 30, the offense level automatically was increased to 30, pursuant to U.S.S.G. § 2D1.1(b)(8)(C).

Here, the district court's sentence was procedurally sound as the court correctly calculated Young's guideline range, treated the guidelines as advisory, and considered the § 3553(a) factors. Additionally, the below-guidelines range sentence is substantively reasonable. The district court chose to sentence Young below the guideline range because the court found that it was unfair to raise Young's offense level to 30 instead of increasing it only by the 6 points he would have received if he had a higher criminal history category. The district court went on to note that his sentence was within the guideline range had he received only the 6-level increase for the harm to minor enhancement, rather than the automatic offense level of 30 that was otherwise applicable. Therefore, the sentence Young now requests is actually the sentence that he received. Accordingly, we affirm.

**AFFIRMED.**